# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

GEORGE HUERTA,

    Plaintiff,

v.

CSI ELECTRICAL CONTRACTORS, INC., et al.,

    Defendants.

Case No. 18-cv-06761-BLF

**ORDER DENYING REQUESTS FOR JUDICIAL NOTICE AND DENYING MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT PREJUDICE**

On September 14, 2020, Defendant CSI Electrical Contractors, Inc. filed a motion for judgment on the pleadings. ECF 89. Defendant's motion relied on the applicability of a qualifying collective bargaining agreement ("CBA") to Plaintiff. *See generally id.* Concurrently with the motion for judgment on the pleadings, Defendant filed a request for judicial notice of two CBAs: (1) Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO's collective bargaining agreement and (2) Project Labor Agreement for the California Flats Solar Project. *See* ECF 90. Neither CBA references Milco National Constructors, Inc., Plaintiff's employer, or Defendant, to whom Plaintiff was subcontracted. The CBAs also lack any reference to Plaintiff, and one appears to be unsigned.

Defendant does not explicitly oppose the request for judicial notice, but contests the applicability of the CBAs:

> CSI's entire motion is predicated on the contention that Plaintiff's employment was subject to a collective bargaining agreement. But CSI has not established that the agreements attached to its Request for Judicial Notice in fact apply to Plaintiff, and there is nothing alleged in Plaintiff's complaint establishing such fact. Moreover, there is no evidence that CSI, which is alleged to be Plaintiff's employer, was a party to such agreements.

ECF 93 at 11. Defendant replies that

> [t]he Cal Flats PLA, however, expressly provides that it "covers all on-site construction, alteration, demolition or repair of buildings, structures, and other works which are part of the [California Flats Solar Facility Project]. Furthermore, the Operating Engineers Local 3 is a party to the PLA. In any event, the Court can take judicial notice of the Operating Engineers Local 3 Dispatch Form assigning Huerta to the Project.

ECF 94 at 3, fn. 1 (citations omitted). The complaint does not mention Plaintiff's membership in the Operating Engineers Local 3. However, alongside its reply brief, Defendant filed request for judicial notice of a document titled "Operating Engineers Local Union No. 3: Dispatch, George Huerta." ECF 95, Exh. A. The request for notice does not include any proof of authenticity of the document, such as a declaration from an individual who signed or drafted it. Plaintiff objects to this request, arguing that (1) the facts within the document are not the proper subject of judicial notice, (2) the document is unauthenticated, (3) the facts within the document are hearsay, (4) the document does not speak to whether Plaintiff worked for CSI, and (5) the request was improperly made in conjunction with a reply brief. ECF 965.

After the pleadings are closed, any party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c). A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6). *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2nd Cir.1998). Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1550 (9th Cir.1989). In addition to considering the allegations within the complaint, the Court may also take into account materials to which it can take judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co*., 189 F.3d 971, 981 (9th Cir.1999).

Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir.1986). A court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b).

The Court agrees with Plaintiff that Defendant's second request for judicial notice was improper. "It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996). And the parties dispute the applicability of the CBAs in Defendants' first request for judicial notice. *See, e.g., Blye v. California Supreme Court*, No. CV 11-5046-DWM, 2014 WL 295022, at *2 (N.D. Cal. Jan. 21, 2014) (denying a request for judicial notice where the applicability of facts was in dispute). It is inappropriate to resolve this dispute—which encompasses whether Plaintiff's employer is a signatory to the contracts and whether one of the contracts is properly signed and executed—in a motion for judgment on the pleadings. As such, the Court DENIES Defendants' requests for judicial notice and finds that it would be improper to consider the identified documents at this juncture.

In light of the disputed yet integral nature of the documents identified in the requests for judicial notice, the Court finds the issues raised in the instant motion more appropriate for a motion for summary judgment. This conclusion is bolstered by the fact that courts in this district have declined to grant motions for judgment on the pleadings where, as here, the resulting order would fail to dispose of an entire cause of action. *United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, California*, No. 13-CV-02027-JST, 2013 WL 6774082, at *1 (N.D. Cal. Dec. 23, 2013) ("Rule 12(c) does not authorize a motion for partial judgment on the pleadings. Though courts have often entertained motions for partial judgment on the pleadings with respect to a particular cause of action or affirmative defense, the Court is aware of no case in which a court has granted partial judgment on the pleadings with respect to less than a full cause of action. "). The Court also highlights that it resolved issues essentially identical to the ones raised here after briefing on the instant motion was complete. *See Durham v. Sachs Electric Company et al*, No. 18-cv-4506, ECF 73. Due to the timing of the motions, neither party was able to address the relevance of the Court's intervening order— despite the fact that the counsel in *Durham* and the above-captioned case are identical.

For the foregoing reasons, the Court DENIES the motion for judgment on the pleadings WITHOUT PREJUDICE to Defendant raising this issue in its motion for summary judgment, currently set for motion hearing on April 8, 2021. *See* ECF 60 (case management order).

3

**IT IS SO ORDERED.**

Dated: February 25, 2021

_____
BETH LABSON FREEMAN
United States District Judge