# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GEORGE HUERTA,<br><br>Plaintiff,<br><br>v.<br><br>CSI ELECTRICAL CONTRACTORS, INC.,<br><br>Defendant. | Case No. 18-cv-06761-BLF<br><br>**ORDER GRANTING SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On April 28, 2021, this Court granted Defendant CSI Electrical Contractors' ("CSI") motion for partial summary judgment. ECF 141. The same day, the Court directed the parties to inform the Court of the remaining claims in the case. ECF 142. While Defendant appeared to believe that no claims remained, Plaintiff George Huerta informed the Court that his Paragraph 5(A) claim remained. ECF 143.[1] During a subsequent case management conference, this Court permitted CSI to file a second summary judgment motion addressing the viability of this claim. ECF 148. On June 8, 2021, CSI filed its motion. Mot., ECF 149. On June 22, 2021, Huerta filed his opposition brief. Opp., ECF 150.[2] On June 23, 2021, CSI filed a reply brief. Reply, ECF 152. For the reasons discussed below, the Court GRANTS CSI's motion.

---

[1] Although it was not clear to the Court that any class issues remained unresolved after the first partial summary judgment ruling, the Court determined that in the event that a hyper-technical reading of that order showed that the order did not clearly and exactly dispose of all class issues, supplemental briefing on the issue identified by Plaintiff as unresolved would be appropriate and thus the Court allowed this second motion for partial summary judgment.
[2] The Court GRANTS Huerta's concurrently filed motion for judicial notice. ECF 151. Fed. R. Evid. 201 permits the Court to take judicial notice of "matters of public record." *MGIC Indem. Corp. v. Weisman* (9th Cir. 1986) 803 F.2d 500, 504.

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987).

The moving party "bears the burden of showing there is no material factual dispute," *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact," *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In judging evidence at the summary judgment stage, "the Court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party." *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 513–14 (N.D. Cal. 1995). For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the [non-moving party]." *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009).

Huerta brings a claim against CSI for failure to pay hours worked pursuant to Paragraph 5(A) of Wage Order 16. Compl. ¶ 29, ECF 101. Under Paragraph 5(A), "[a]ll employer mandated travel that occurs after the first location where the employee's presence is required by the employer shall be compensated at the employee's regular rate of pay." The FAC alleges that "Defendants required [Huerta] and other class members to arrive at the Security Gate Entrance controlled by Defendants, to wait in vehicle lines for Defendants' biologists to approve the road for travel, then wait in a vehicle line to have their badges swiped ('badge in') by a person or persons employed or controlled by Defendants." Compl. ¶ 30.

2

CSI moves for summary judgment on this claim "on the grounds that there is no dispute as to any material fact as to Plaintiff's claim for unpaid wages under California Wage Order 16, paragraph 5(A), based on the allegation that the first location where Plaintiff's presence was required by CSI was the Security Gate where the badging occurred." Mot. Notice. CSI contends that *Griffin v. Sachs* "definitively and resolutely" forecloses Huerta's claims for unpaid wages pursuant to Wage Order 16 ¶ 5(A). Mot. at 2-3 (citing *Griffin v. Sachs*, 390 F. Supp. 3d 1070, 1096 (N.D. Cal. 2019)).

The Court agrees. *Griffin* was a virtually identical wage and hour class action suit arising out of the California Flats Solar Project. *See generally* ECF 141 at 6-7. Plaintiff Justin Griffin filed a class action against Sachs Electric Company and McCarthy Building Companies, Inc. on behalf of himself and other workers involved in the construction of the Project. 390 F. Supp. 3d at 1074. Griffin sought payment for hours worked under California law—to include Wage Order 16 ¶ 5(A)—for traveling between the Security Gate entrance and the solar panel work zone set approximately 12 miles onto the property. *Id*. While Griffin brought his claims against a different California Flats Solar Project employer, the claims involved his employment at the Jack Ranch work site as well as workplace and road rules practically identical to the ones at issue in this case. *See* ECF 141 at 7.

Defendant Sachs Electric Company moved for summary judgment on the grounds that "Plaintiff's 'interaction [at the Security Gate] [was] too minimal' to constitute the required 'presence' under Wage Order 16." 390 F. Supp. 3d at 1096. This Court agreed, holding that "Plaintiff's brief stop at the guard shack to enable scanning of his badge was not a 'location where the employee's presence is required' within the meaning of Wage Order 16 ¶ 5(A)." *Id*. at 1096-97. The Court explained:

> [S]imply [holding] up [a] badge[] for scanning by the person(s) manning the guard shack…is no different than that of any employee who enters a work campus or premises that requires scanning an

3

> employee badge to gain access. This obligation is no different than that of any employee who enters a work campus or premises that requires scanning an employee badge to gain access. . . Plaintiff drove his own vehicle, did not exit his vehicle, and simply presented his badge for scanning. It is simply illogical that merely scanning a badge to gain access triggers the right to compensation under Wage Order 16. If so, a massive swath of squarely non-compensable walking or commute time from the first 'badge' checkpoint of a given work location would be covered by paragraph 5(A).

*Id*. at 1097. The Court concluded that "Plaintiff's pass through the Security Gate was not 'the first location where Plaintiff's presence was required' and that Plaintiff is not entitled to compensation for his travel time on the Access Road under Wage Order 16 ¶ 5(A)." *Id*.

This reasoning applies with equal force to Huerta's Paragraph 5(A) claim. Huerta worked on the same Project as Griffin. ECF 141 at 7. Like Griffin, Huerta did no more than flash a badge to a security attendant for scanning before driving past the guard shack without ever leaving his vehicle. *Id*. at 2; *see* Huerta Decl. ¶ 21, ECF 150, Exh. 2 ("At the Security Gate where the mandatory security process occurred . . . To conduct the mandatory entrance and exit security process, the security guard or guards would stop each vehicle to check for security badges of the passengers. For both entering and exiting the Solar Site . . . the security guards would each stand on a side of the vehicle to inspect and scan in security badges."). The Court thus finds, as it did in *Griffin*, that there is no law or evidence supporting Huerta's Paragraph 5(A) claim and that Huerta is not entitled to compensation for his travel time on the Access Road.

Plaintiff insists that he has proffered evidence that establish that the Security Gate was, in fact, the first location his presence was required. Opp. at 1. This evidence consists of declarations by Huerta and putative class members that CSI management informed employees that the Security Gate was the first place they were required to be at each day. *Id*. But these declarations in no way avoid the implications of *Griffin*. In *Griffin*, just as here, workers were required to be at the Security Gate each morning to badge in for the day. 390 F. Supp. 3d at 1076 ("Workers traveling

by car were required to present their badges at the guard shack in order to enter through the Security Gate."). Plaintiff further argues that the effect of Paragraph 5(A) is not limited to workplace locations (1) with a single entrance or (2) where a badging process occurs. Maybe so. But that issue is not before the Court because there is no dispute here that employees did enter the Project through one location and were required to badge in each day. The Court has merely concluded that, given the specific record before it, that Paragraph 5(A) does not entitle Huerta to compensation starting at the Security Gate.[3]

For the foregoing reasons, CSI's second motion for partial summary judgment is GRANTED. The Court finds that Plaintiff's pass through the Security Gate was not the first location where Plaintiff's presence was required and that Plaintiff is not entitled to compensation for his travel time on the Access Road under Wage Order 16 ¶ 5(A).

**IT IS SO ORDERED.**

Dated: June 25, 2021

_____
BETH LABSON FREEMAN
United States District Judge

---

[3] Plaintiff objects to the page limitations imposed by the Court. Opp. at 1. However, the Court notes that Plaintiff neither used the full three pages allotted nor identified any other issues or arguments he was unable to adequately brief. Having considered the submissions of both parties, the Court is satisfied that ample briefing was submitted on this issue and that there was no limitation on the evidence that could be submitted.

5