UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE HUERTA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CSI ELECTRICAL CONTRACTORS, INC.,<br><br>　　　　　Defendant. | Case No.  18-cv-06761-BLF<br><br>**ORDER REGARDING DEFENDANT CSI ELECTRICAL CONTRACTORS' MOTION FOR LEAVE TO FILE POST-APPEAL MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF No. 185] |

Before the Court is Defendant CSI Electrical Contractors, Inc.'s ("CSI") motion for leave to file post-appeal motion for summary judgment. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument and hereby VACATES the November 25, 2024 hearing. After reviewing the materials submitted by the parties, the Court grants in part and denies in part the motion.

**I.  BACKGROUND**

On May 30, 2024, the Ninth Circuit remanded the instant action to this Court, ECF 168, and issued its mandate on June 21, 2024. ECF 169. On July 11, 2024, the Court held a Case Management Conference ("CMC"). *See* ECF 174. At the CMC, CSI urged the Court to allow additional summary judgment briefing in light of the recent Ninth Circuit decision. On August 7, 2024, the Court ordered CSI to file a single motion that sets forth the entirety of CSI's request for further dispositive motions. ECF 183. On August 9, 2024, CSI filed its motion to request additional summary judgment briefing. ECF No. 185. On August 23, 2024, Plaintiff Huerta ("Huerta") filed his opposition brief. ECF 190. On August 30, 2024, CSI filed a reply brief. ECF 192. On September 3, 2024, Huerta filed an objection. ECF 193.

## II. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ P. 56(c). A party may be allowed to file additional summary judgment if it "is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (quoting Fed. R. Civ. P. 1). "[D]istrict courts have discretion to permit successive motions for summary judgment." *Hoffman*, 593 F.3d at 911. "A renewed or successive summary judgment motion is appropriate especially if one of the following grounds exists: '(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or prevent manifest injustice.'" *Nightlife Partners, Ltd. v. City of Beverly Hills*, 304, F. Supp. 2d 1208, 1215 (C.D. Cal. 2004) (quoting *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)).

## III. DISCUSSION

In its motion, CSI requests leave to file a post-appeal summary judgment motion on four claims, namely: 1) the exit badge out claim ("Claim 1"); 2) the meal period minimum wage claim ("Claim 2"); 3) the badging gate section 5(A) claim ("Claim 3"); and 4) the waiting time and inadequate wage statement claims ("Claim 4"). ECF 185 at 4-9. CSI argues that a recent California Supreme Court decision, *Huerta v. CSI Elec. Contractors*, 15 Cal. 5th 908 (2024), substantially changed the state of law that was relied by CSI in its earlier motions for summary judgment, and thus, a new motion for summary judgment is warranted in light of the change. ECF 185. The Court agrees with CSI that the law has changed on these issues. Huerta's successful arguments before the California Supreme Court and the Ninth Circuit warrant a fresh look at theses issues if CSI has a plausible argument that the issues can be decided on undisputed material facts. As to Claims 1, 3 and 4, CSI has met that test. As to Claim 2, it has not. The Court addresses CSI's requests in turn.

With respect to Claim 1, the California Supreme Court held that Huerta should be paid for the time it took him to badge out at the end of the day. *See Huerta*, 15 Cal. 5th at 918-21. CSI argues that undisputed facts in the record demonstrate that Huerta was paid for all time he spent driving out to the badge-in gate. ECF 185 at 4. While Huerta contends that CSI's argument is based on the

1  Declaration of CSI's expert, Keith Mendes ("Mr. Mendes"), Huerta did not point out any disputed
2  facts in its opposition brief or objection. *See* ECF 190 at 11-13; ECF 193. Rather, Huerta challenges
3  the authenticity and reliability of Mr. Mendes's Declaration. ECF 190 at 12-13. Thus, the Court
4  finds that CSI has a reasonable argument that it may be able to present undisputed facts on this claim
5  and GRANTS CSI's motion for leave to file post-appeal motion for summary judgment on this
6  Claim. The Court further directs the parties to complete necessary discovery with respect to this
7  claim.

8  Claim 2 concerns whether the Huerta should be compensated for meal periods when he could
9  not leave his work area. ECF 185 at 1. The California Supreme Courts held that an employee must
10 be compensated the minimum wage when he or she is prohibited from "leaving . . . a particular area"
11 during the meal periods and is foreclosed "from engaging in activities he or she could otherwise
12 engage in if permitted to leave." *Huerta*, 15 Cal. 5th at 935. CSI argues that evidence in the record
13 demonstrates that, while Huerta was bound by a rule confining him to his work area, Huerta was not
14 foreclosed "from engaging in any activity during his meal period." ECF 185 at 6. In his opposition
15 brief, Huerta contends that genuine issues of material fact exist regarding the nature of the
16 restrictions imposed on Huerta and other workers during their meal periods. ECF 190 at 8-9. Based
17 upon these briefings, it is clear that facts are disputed and thus the Court DENIES CSI's motion for
18 leave to file post-appeal motion for summary judgment on this claim.

19 Claim 3 concerns whether Plaintiff's travel time on the Access Road is compensable. ECF
20 185 at 7-8. The California Supreme Court held that, for travel time to be compensable under Wage
21 Order No. 16, Section 5(A), there must be evidence suggesting "the employee's presence was
22 required for an employment-related reason other than accessing the worksite." *Huerta*, 15 Cal. 5th
23 at 926. CSI argues that undisputed facts in the record demonstrate the purpose of the Phase 2
24 Badging Gate was for security reasons, and Plaintiff's time spent at the Phase 2 Badging Gate was
25 extremely limited. ECF 185 at 8; ECF 192 at 3. In his opposition brief, Huerta does not dispute the
26 fact that "[t]he only purpose for the Phase 2 Badging Gate was security," but argues that the purpose
27 "was an employment-related purpose other than merely accessing the work site." ECF 190 at 2.
28 Thus, as this Court previously did in its order granting CSI's motion for leave to file motion for

1   reconsideration on this claim (ECF 180), the Court once again finds that CSI has a reasonable
2   argument that facts are undisputed and GRANTS CSI's motion for leave to file post-appeal motion
3   for summary judgment on this Claim.

4       With respect to Claim 4, the California Supreme Court recently in *Naranjo v. Spectrum Sec.*
5   *Servs.* held that penalties are not owed for unpaid or unreported wages under Sections 226 and 203
6   of the California Labor Code when there was a "good faith dispute" at the time when the wages
7   were due. 15 Cal. 5th 1056, 1087 (2024). CSI argues that it relied on this Court's prior decisions
8   and was successful in showing that those penalties are not owed and thus CSI did not need to rely
9   on a good faith defense under the prior state of the law. ECF 185 at 8-9 (citing *Huerta v. CSI Elec.*
10  *Contractors, Inc.*, No. 18-CV-06761-BLF, 2021 WL 4926978, at *2 (N.D. Cal. Apr. 28, 2021), *aff'd*
11  *in part, vacated in part, rev'd in part*, No. 21-16201, 2022 WL 22812287 (9th Cir. May 30, 2024);
12  *Griffin v. Sachs Elec. Co.*, 390 F. Supp. 3d 1070, 1074 (N.D. Cal. 2019); *Durham v. Sachs Elec.*
13  *Co.*, No. 18-CV-04506-BLF, 2020 WL 7643125, at *1 (N.D. Cal. Dec. 23, 2020)). In its opposition,
14  Huerta argues that CSI could have raised its good faith defenses in its earlier motions for summary
15  judgment. ECF 190 at 13. But the California Supreme Court did not decide *Naranjo* until earlier
16  this year when this case was on appeal, and Huerta does not suggest that there are any disputed facts
17  in its opposition brief or objection. *See* ECF 190; ECF 193. Thus, the Court finds that CSI has a
18  reasonable argument that facts are undisputed on this Claim, and GRANTS CSI's motion for leave
19  to file post-appeal motion for summary judgment on this Claim.

20      Although the Court is allowing an additional summary judgment motion, by this ruling the
21  Court in no way prejudges whether CSI will be able to meet its moving burden or whether Plaintiff
22  Huerta will be able to submit evidence showing disputed issues of fact. The Court merely has
23  determined that there has been a sufficient change in the law and that CSI has made a plausible
24  argument that the material facts are undisputed on Claims 1, 3 and 4.

25  **IV.  ORDER**
26      For the foregoing reasons, IT IS HEREBY ORDERED that:
27      1. CSI's motion for leave to file post-appeal motion for summary judgment is
28          GRANTED with respect to Claims 1, 3, and 4, and DENIED with respect to Claim

2. Due to the complexity of the issues involved, the motion and opposition shall be limited to fifteen (15) pages, while the reply shall be limited to eight (8) pages. The motion, opposition and reply SHALL address ONLY whether the Court should grant summary judgment on the three granted claims.

2. The parties SHALL meet and confer and submit a stipulated briefing schedule to the Court within 14 days of the date of this Order that considers a reasonable time for Huerta to complete necessary discovery.

3. This ORDER VACATES the November 25, 2024 hearing date for the motion.

**IT IS SO ORDERED.**

Dated:  September 10, 2024

_____
BETH LABSON FREEMAN
United States District Judge