# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GEORGE HUERTA, an individual, on behalf of himself and all others similarly situated and as a representative plaintiff,<br><br>Plaintiff,<br><br>v.<br><br>CSI ELECTRICAL CONTRACTORS, INC.,<br><br>Defendant. | Case No. 18-cv-06761-BLF<br><br>**ORDER TO SHOW CAUSE WHY UCL CLAIM SHOULD NOT BE DISMISSED PURSUANT TO *SONNER*** |

The parties' Joint Statement on Remaining Claims (ECF 223) indicates that the parties agree on the claims remaining for trial, except with respect to Plaintiff's claim under California Business & Professions Code § 17200 *et seq.* ("UCL Claim"), which Defendant argues should not go forward because it merely seeks unpaid wages that are the subject of other claims.

A plaintiff suing under the UCL must establish the lack of adequate remedy at law before securing equitable restitution for past harm. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). If the UCL Claim merely seeks unpaid wages that are the subject of other claims, the UCL Claim is subject to dismissal.

Plaintiff is ORDERED TO SHOW CAUSE, in writing and within 14 days, why the UCL Claim should not be dismissed pursuant to *Sonner*. Defendant may, but need not, file a reply to Plaintiff's show cause response within 7 days after the show cause response is filed. Both briefs are limited to a maximum of 3 pages.

**IT IS SO ORDERED.**

Dated: May 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge