United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

GEORGE HUERTA, an individual, on
behalf of himself and all others similarly
situated and as a representative plaintiff,

        Plaintiff,

      v.

CSI ELECTRICAL CONTRACTORS,
INC.,

        Defendant.

Case No. 18-cv-06761-BLF

**ORDER DISMISSING PLAINTIFF'S
UCL CLAIM WITHOUT PREJUDICE**

At the Court's request, the parties have submitted briefing on the effect of *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), on Plaintiff's Fourth Cause of Action for violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.* In *Sonner*, the Ninth Circuit held that federal courts must apply equitable principles deriving from federal common law to claims for equitable relief brought under state law, including "the principle precluding courts from awarding equitable relief when an adequate legal remedy exists[.]" *Sonner*, 971 F.3d at 842. Under those federal principles, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Id*. at 844. In *Guzman*, the Ninth Circuit clarified that a district court lacks "equitable jurisdiction" to hear a plaintiff's UCL claim if the plaintiff had an adequate legal remedy, even when the plaintiff was time-barred from pursuing that legal remedy. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022).

United States District Court
Northern District of California

In the present case, the parties agree that this Court lacks equitable jurisdiction over Plaintiff's UCL claim. The Court is of the same view. Plaintiff's UCL claim is grounded in Defendant's alleged violation of the California Labor Code. Plaintiff has an adequate remedy at law for those alleged violations, that is, claims brought directly under the California Labor Code, which are asserted in this lawsuit.

The parties disagree as to how the Court should proceed regarding Plaintiff's UCL claim. Plaintiff requests that the Court either order a partial remand of the UCL claim or dismiss the UCL claim without prejudice, stating that "Plaintiff does not care" which of those options the Court chooses.[1] Pl.'s Reply at 2, ECF 229. Defendant argues that a partial remand of the UCL claim would not be appropriate, and that the Court's only course is to dismiss the UCL claim without prejudice. *See* Def.'s Response at 1, ECF 227. However, Defendant suggests that the Court defer dismissing the UCL claim until after trial or termination of the action, so that Plaintiff does not "unnecessarily and wastefully fil[e] a duplicative action in state court[.]" *Id.* at 3.

The Court first discusses its authority to dismiss the UCL claim without prejudice, then its authority to grant a partial remand of the UCL claim, and finally Defendant's suggestion that it defer acting on the UCL claim until the end of the case.

This Court clearly has authority to dismiss the UCL claim without prejudice to Plaintiff's refiling the same claim in state court. In *Guzman*, as here, both legal and equitable claims were asserted. *See Guzman*, 49 F.4th at 1310. The Ninth Circuit held that the district court erred in granting summary judgment for the defendant on the UCL claim asserted by the plaintiff, Albright, and that the district court should have dismissed the UCL claim without prejudice to refiling the same claim in state court. *Id.* at 1314. The *Guzman* court observed that "a California court might allow Albright to pursue his UCL claim." *Id.* at 1315.

It is unclear whether the Court has authority to order a partial remand of the UCL claim for lack of equitable jurisdiction. "The remand statute, 28 U.S.C. § 1447(c), requires a district court

---

[1] Plaintiff appears to have abandoned his suggestion that the Court remand the entire case based on its lack of equitable jurisdiction over the UCL claim. A district court cannot remand the entire case where it has subject matter jurisdiction over some claims. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001).

to remand a removed 'case' to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'"  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001) (quoting 28 U.S.C. § 1447(c)).  It is not apparent that § 1447(c)'s direction to remand a "case" encompasses remand of a single claim within a case, and that question has not been decided by the Supreme Court or the Ninth Circuit.  In *Lee*, the Ninth Circuit  indicated that the Supreme Court had "left open the possibility that § 1447(c) might permit a district court to retain claims over which the court has subject matter jurisdiction, but remand those over which it lacks jurisdiction."  *Id.* at 1007 n.8.  The Ninth Circuit suggested that "[i]n some cases, a plaintiff might forfeit an otherwise viable state-law claim . . . a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims."  *Id.* at 1006-07.  Because the plaintiff had sought remand of the entire case, and had not sought a partial remand, the *Lee* court had "no occasion in this case to decide whether such a partial remand would be appropriate."  *Id.* at 1007 & n.8.

Even assuming that § 1447(c) permits remand of a single claim for lack of subject matter jurisdiction, "[e]quitable jurisdiction is distinct from subject matter jurisdiction[.]"  *Guzman*, 49 F.4th at 1314.  "Subject matter jurisdiction regards whether the claim falls within the limited jurisdiction conferred on the federal courts by Congress, while equitable jurisdiction regards whether consistently with the principles governing equitable relief the court may exercise its remedial powers."  *Id.* (internal quotation marks and citation omitted).

Some district courts have ordered a partial remand of UCL claims based on lack of equitable jurisdiction where it appeared the plaintiff might forfeit the UCL claims if they were dismissed without prejudice.  *See, e.g., California v. N. Tr. Corp.*, No. CV 12-01813 DMG (FMOx), 2013 WL 1561460, at *6 (C.D. Cal. Apr. 10, 2013) ("The Court concludes that, here, Plaintiff does face a threat of being forced to forfeit its claims, and therefore partial remand is appropriate.").  In *Kim*, the district court expressed skepticism whether § 1447(c) permits partial remand of equitable state law claims, and found that even if it does, partial remand was not warranted in the case before it because the plaintiff had not shown that her state law claims were in danger of being forfeited.  *See Kim v. Walmart, Inc*, No. 2:22-CV-08380-SB-PVC, 2023 WL

3

196919, at *3 (C.D. Cal. Jan. 13, 2023) ("Plaintiff has not demonstrated that her equitable claims are time-barred or otherwise unavailable in state court.").

In the present case, Plaintiff has not argued that his UCL claim would be forfeited absent remand. To the contrary, Plaintiff has stated expressly that he does not care whether the Court orders partial remand of his UCL claim or dismisses it without prejudice. Given the lack of clear authority permitting partial remand of Plaintiff's UCL claim, and Plaintiff's lack of preference, the Court finds it most appropriate to dismiss the UCL claim without prejudice.

The Court sees no reason to wait until the end of this litigation before dismissing Plaintiff's UCL claim. None of the cases cited by the parties requires such a delay. In *Johnson*, cited by Defendant in support of its suggestion that the Court wait to dismiss the UCL claim, the purpose of the delay was to protect the plaintiffs. *See Johnson v. Nissan N. Am., Inc.*, No. 3:17-CV-00517-WHO, 2022 WL 2869528, at *17 (N.D. Cal. July 21, 2022) ("I recognize that some courts have dismissed equitable claims at earlier junctions in the case, but that risks depriving the plaintiffs of remedies to which they may be entitled."). *Johnson* provides no support for Defendant's assertion that delaying dismissal of the UCL claim is necessary to prevent Plaintiff from filing an unnecessary, wasteful, and duplicative action in state court.

Accordingly, the Court HEREBY ORDERS as follows:

(1)     Plaintiff's Fifth Cause of Action, brought under California's UCL, is DISMISSED WITHOUT PREJUDICE for lack of equitable jurisdiction; and

(2)     The Order to Show Cause (ECF 224) is DISCHARGED.

**IT IS SO ORDERED.**

Dated:  July 23, 2025

_____
BETH LABSON FREEMAN
United States District Judge