LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
177 East Colorado Boulevard, Suite 200
Pasadena, California 91105
Telephone: (213) 599-8255
Mobile: (213) 479-6460
Email: lonnieblanchard@gmail.com

Attorneys for Plaintiff George Huerta

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| George Huerta, an individual, on behalf of himself and all others similarly situated and as a representative plaintiff,<br><br>Plaintiff,<br><br>vs.<br><br>CSI Electrical Contractors, Inc. and Does 1 through 10,<br><br>Defendants. | **Case No. 5:18-cv-06761-BLF**<br>**CLASS ACTION**<br><br>**[~~Proposed~~] Order Granting Motion for Preliminary Approval of Stipulation of Class Action and PAGA Settlement and Release** |

## I. INTRODUCTION

Plaintiff George Huerta and Defendant CSI Electrical Contractors, Inc. (together as the "Parties"), entered into a Settlement Agreement on behalf of themselves and a proposed class of similarly situated employees. Plaintiff moved the Court for an order (1) preliminarily approving the terms of the Settlement as fair, adequate, and reasonable; (2) provisionally certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (3)

approving the Notice Program and approving the form and content of the Notice; (4) approving the procedures set forth in the Settlement for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; and (5) scheduling a Final Approval hearing for a time and date convenient for the Court.

**IT IS HEREBY ORDERED AS FOLLOWS**:

The Court finds that it has jurisdiction over this action, the parties, and all Settlement Class members for purposes of settlement under 28 U.S.C. § 1332(d). Having considered the motion and any responses thereto, and having held a hearing on preliminary approval, the Court HEREBY GRANTS Plaintiff's motion for preliminary approval of class action and PAGA settlement.

All capitalized terms in this Order have the same meaning as in the Parties' Settlement Agreement, or "Settlement."

## II. Settlement Terms

The Court hereby preliminarily approves the Attorney's Fee Award of up to $350,000, the Attorneys' Costs Award of up to $40,000.00, Representative Incentive Award to Plaintiff George Huerta up to $10,000, the PAGA Award of $100,000 (of which seventy-five percent (75%) shall be paid to the California Labor Workforce Development Agency and twenty-five percent (25%) shall be made available for distribution to Class Members) and Administration Costs of up to $7,990.00.

## III. Certification of the Settlement Class

The Court hereby conditionally certifies the following Class for settlement purposes only:

> All non-exempt persons who were either (1) employees of CSI Electrical Contractors, Inc. and worked for CSI Electrical Contractors, Inc. on the construction of the California Flats Solar Project at any time within the period from July 30, 2014 through June 1, 2019, or (2) employees of any other entity, such as Milco National Constructors, Inc. and California Compaction Corporation, and worked for CSI Electrical Contractors, Inc. on the construction of the California Flats Solar Project at any time within the period from July 30, 2014 through June 1, 2019.

The Court preliminarily finds, for purposes of settlement only, that the proposed Settlement Class meets the numerosity requirement of Rule 23(a)(1) such that joinder would be impractical; that there are questions of law and fact common to the Settlement Class as required by Rule 23(a)(2); that these common questions predominate over individual questions as required by Rule 23(b)(3); that the claims of the proposed Settlement Class Representatives are typical of the claims of the Class under Rule 23(a)(3); and that resolution of Settlement Class Members' claims in a class action is the superior method for fair and efficient adjudication under Rule 23(b)(3).

In addition, the Court preliminarily finds that Class Counsel and Named Plaintiff will fairly and adequately represent the interests of the Class under Rule 23(a)(4), has done so, and is adequate under Rule 23(g)(1) and (4). The Court further preliminarily finds that Class Counsel have substantial experience in litigating and settling employment class actions. The Court therefore appoints Class Counsel as settlement counsel for the class and appoints Lonnie C. Blanchard, III as lead counsel for the settlement class. The Court also appoints Plaintiff George Huerta as Settlement Class Representative.

## IV. THE SETTLEMENT MERITS PRELIMINARY APPROVAL

The Court preliminarily finds that this Settlement complies with the Northern District of California's *Procedural Guidance for Class Action Settlements* and that the Court "will likely be able to" grant final approval to the Settlement. (*See* Fed. R. Civ. P. 23(e)(1)(B).)

Specifically, the Court finds that the Settlement's provisions as stated in the settlement agreement are likely to be approved as fair, adequate, and reasonable compensation to Settlement Class Members in exchange for their release of claims against Defendant, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of the Settlement's proposed payment process; the Settlement's terms regarding the award of attorneys' fees; and agreement required to be identified under Rule 23(e)(3).

Based on the information provided by the Parties, the Court further preliminarily finds that Named Plaintiff and Class Counsel have adequately represented Settlement Class Members; that the Parties negotiated the Settlement at arms-length with the assistance of a neutral mediator; and that the

Settlement treats class members equitably relative to each other.

## V. APPROVAL OF NOTICE AND SETTLEMENT ADMINISTRATION

The Court finds that the proposed Notice Program, including the forms of notice, fully satisfy Rule 23 of the Federal Rules of Civil Procedure.

Specifically, the Court further finds that the Notice and the Notice Program adequately advise the Settlement Class about:

A. The class Notice;

B. The terms of the proposed Settlement, the benefits available to each Settlement Class Member, and proposed fees and costs to Class Counsel;

C. Each Settlement Class Member's right to object or opt out of the settlement, and the timing and procedures for doing so;

D. Preliminary court approval of the proposed Settlement; and

E. The date of the Fairness Hearing as well as the rights of Settlement Class Members to file documentation in support of or in opposition to and appear in connection with said hearing.

The Court also finds that the costs associated with the Notice Program described above and the estimated costs of administering the Settlement are fair and reasonable.

The Court approves Apex Class Action, LLC. ("Apex") to act as the Settlement Administrator.

## VI. PROCEDURES FOR FINAL APPROVAL

### A. Final Fairness Hearing

The Fairness Hearing shall take place virtually on May 13, 2027, at 9:00 am, before the Honorable Beth Labson Freeman, to determine whether the proposed Settlement is fair, reasonable, and adequate and should receive the Court's final approval.

The Court adopts the following deadlines from the Settlement:

| Date | Event |
|---|---|
| Twenty-One (21) calendar days following the | Defendants to Provide Class Data to Settlement |

| | |
|---|---|
| date of entry of the Court's Order granting Preliminary Approval | Admin. |
| Fifteen (15) calendar days after the Settlement Administrator receives the Data | Deadline for Issuing Notice |
| Sixty (60) calendar days from the date of the initial mailing of the Notice | Objection and Opt-Out Deadline |
| Five (5) business days following the Opt-out Deadline | Settlement Administrator shall provide Class Counsel and Defendants' Counsel with a complete list of all Class Members who have timely requested to opt-out of the Class |
| Fifteen (15) after the close of the Opt-out Deadline | Settlement Administrator will provide to Class Counsel and Defendants' Counsel a declaration of due diligence. |
| Ten (10) days after class opt-out list | Defendants' nullification rights per settlement. |
| Fourteen (14) days before the final approval date. | Deadline for Plaintiffs to file Motion for Final Approval and for attorneys' fees, costs, and expenses. |
| May 13, 2027 at 9:00 am | Final Approval Hearing |

**B. Deadline and Procedures for Exclusions and Objections**

The Court approves the Settlement's procedures for Settlement Class Members to exclude themselves from or object to the Settlement.

*Exclusions*: The Court approves the Settlement's exclusion procedures. Requests by Settlement Class Members must therefore comply with the requirements set forth in the Settlement and must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of the Settlement.

*Objections*: The Court approves the Settlement's objections procedures. Objections by

Settlement Class Members must therefore comply with the requirements set forth in the Settlement and must be postmarked no later than the objection Deadline, as specified in the Notice. Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of the Settlement.

The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Fairness Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class Members.

If, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason whatsoever, the proposed Settlement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement.

Class Counsel, Defendant's counsel, and the Settlement Administrator are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, minor changes to the Settlement with the agreement of all parties, to the form or content of the Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

## VII. Cy Pres

The Court preliminarily approves that any settlement check not negotiated 180 days after the date on the settlement check will be deemed void. The Court preliminarily approves that proceeds of any uncashed checks will go to the Justice Gap Fund as the cy pres recipient to be approved by the Court at the Final Fairness Hearing.

## VIII. Conclusion

In Summary, the Court:

- preliminarily approves the terms of the Settlement as fair, adequate, and reasonable;
- provisionally certifies the Settlement Class pursuant to Federal Rule of Civil Procedure

23(b)(3) and (e) for settlement purposes only;

- approves the proposed Notice Program and the form and content of the Notice;
- approves the Settlement's procedures for Class Members to exclude themselves from the Settlement Class or to object to the Settlement;
- schedules a virtual Final Approval hearing on May 13, 2027 at 9:00 am.

The Court shall maintain continuing and exclusive jurisdiction and independent case management authority under Federal Rule of Civil Procedure 23 regarding the general operation of the Settlement's notice and claims program and those appointed to implement and oversee it

**IT IS SO ORDERED**

Dated: October 9, 2026

The Honorable Beth Labson Freeman